IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENNIFER M. PROVENCHER and CY PROVENCHER SR., | | |
| Plaintiffs, | | No. CIV S-10-1911 GEB DAD PS |
| v. | | |
| STEVEN GIANANDREA, et al., | | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Defendants. | | |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1) and came before the court on October 22, 2010, for hearing on the properly noticed motion to dismiss and to quash service filed by defendants Tim McArdle, Bonnie Garcia, and George Plescia. Julie Weng-Gutierrez, Esq. appeared specially on behalf of the moving defendants. Plaintiff Cy. C. Provencher Sr., proceeding pro se in this matter, appeared on his own behalf. No appearance was made by plaintiff Jennifer M. Provencher, who is also proceeding pro se. Argument was heard and defendants' motions were taken under submission.

On October 25, 2010, defendants' motion to quash service was granted, plaintiffs' motion for summary judgment was denied without prejudice as premature and plaintiff Cy

1

1  Provencher Sr. was ordered to complete and file an application to proceed in forma pauperis
2  within 30 days of the date of the order.  (Doc. No. 19.)  Plaintiff Cy Provencher Sr. completed
3  and filed his application to proceed in forma pauperis on November 10, 2010.  (Doc. No. 20.)
4  Plaintiff Jennifer M. Provencher application to proceed in forma pauperis was filed on July 6,
5  2010.  (Doc. No. 2.)  In this regard plaintiffs have requested leave to proceed in forma pauperis
6  pursuant to 28 U.S.C. § 1915.

7          Plaintiffs have each submitted an in forma pauperis application that makes the
8  showing required by 28 U.S.C. § 1915(a)(1).  Plaintiffs' request for leave to proceed in forma
9  pauperis will therefore be granted.

10          The determination that plaintiffs may proceed in forma pauperis does not
11  complete the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required
12  to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue
13  or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or
14  seeks monetary relief against an immune defendant.  To state a claim on which relief may be
15  granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
16  face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks
17  an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);
18  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

19          In considering whether a complaint states a cognizable claim, the court accepts as
20  true the material allegations in the complaint and construes the allegations in the light most
21  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
22  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
23  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
24  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as
25  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
26  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.  Lack of subject matter jurisdiction may be raised by the court at any time.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter.  See generally W.W. SCHWARZER, A.W. TASHIMA & J.M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:5.  Unless the complaint presents a plausible assertion of a substantial federal right, the federal court will not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Bell v. Hood, 327 U.S. 678, 682 (1945).

Here, plaintiffs' complaint alleges that this court has diversity jurisdiction because they have suffered "damages exceeding $75,000 to file in federal court" stemming from plaintiff Jennifer Provencher's termination of employment and denial of unemployment insurance benefits.  (Compl. (Doc. No. 1) at 2-7.)  There are no factual allegations involving plaintiff Cy C. Provencher, Sr.  A civil cover sheet filed by plaintiffs asserts that this court has "federal question" jurisdiction and that there is a "U.S. Government defendant" named in this matter.

1  (Doc. No. 4.) Plaintiffs' complaint however does not identify the residency of the named
2  defendants and plaintiffs have not named a "U.S. Government defendant."
3       Moreover, plaintiffs' first cause of action seeks a "petition for writ of mandate"
4  pursuant to California Code of Civil Procedure § 1094.5. (Compl. (Doc. No. 1) at 1-2.)
5  However, this "claim for a writ of mandate is a state law claim." Walnut Hill Estate Enterprises,
6  LLC v. City of Oroville, No. 2:09-cv-00500-GEB-GGH, 2010 WL 2902346 (E.D. Cal. July 22,
7  2010). See also Pacific Bell Telephone Co. v. City of Walnut Creek, 428 F. Supp.2d 1037, 1055
8  FN6. (N.D. Cal. 2006). Plaintiffs' second cause of action is for a "writ of mandamus" pursuant
9  to 28 U.S.C. § 1651. (Compl. (Doc. No. 1) at 1-2.) Title 28 U.S.C. § 1651 "does not operate to
10 confer jurisdiction and may only be invoked in aid of jurisdiction which already exists."[1] Malone
11 v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999). Finally, plaintiffs seek a petition for writ of
12 certiorari. (Compl. (Doc. No. 1) at 1-2.) A petition of writ of certiorari is made to the United
13 States Supreme Court, and may be granted when: 1) a United States court of appeals has entered
14 a decision in conflict with the decision of another United States court of appeals; 2) a state court
15 of last resort has decided an important federal question in a way that conflicts with the decision
16 of another state court of last resort or of a United States court of appeals; or 3) a state court or a
17 United States court of appeals has decided an important question of federal law that has not been,
18 but should be, settled by the Supreme Court. See Sup. Ct. R. 10. None of these conditions exist
19 here. Accordingly, none of plaintiffs' causes of action implicate federal question jurisdiction.
20      In the absence of complete diversity of citizenship or factual allegations that give
21 rise to a federal question, the court finds that plaintiffs have not alleged a claim over which this
22 court has jurisdiction. It does not appear that plaintiffs' claims can be amended to state any
23 federal claim with an arguable basis in law and fact. Accordingly, the undersigned will

---

[1] Moreover, a "writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).

recommend that plaintiffs' complaint be dismissed for lack of jurisdiction.  See Hagans v. Levine, 415 U.S. 528, 543 (1974) (approving dismissal of claims for lack of jurisdiction where the claims do not involve a federal controversy within the jurisdiction of the district court).

The undersigned has carefully considered whether plaintiffs may amend their complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies of the complaint noted above

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Jennifer M. Provencher's July 6, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. Plaintiff Cy C. Provencher, Sr.'s November 10, 2010 application to proceed in forma pauperis (Doc. No. 20) is granted.

IT IS RECOMMENDED that:

1. Plaintiffs' complaint (Doc. No. 1) be dismissed for lack of jurisdiction; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

/////

/////

1  objections within the specified time may, under certain circumstances, waive the right to appeal
2  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\provencher1911.ifp.f&r